**\*E-FILED ON 7/8/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA MENDEZ,<br><br>      Plaintiff,<br><br>   v.<br><br>UNUM PROVIDENT CORPORATION;<br>PROVIDENT LIFE & ACCIDENT<br>INSURANCE COMPANY,<br><br>      Defendants. | No. C03-01312 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL STEPHEN PRATER'S PRODUCTION OF DOCUMENTS**<br><br>**[Re: Docket No. 27]** |

On July 6, 2005, this court heard defendants' "Motion to Compel Stephen D. Prater's Production of Documents Pursuant to Subpoena Duces Tecum." Plaintiff's retained expert, Stephen Prater, opposed the motion. Plaintiff Cynthia Mendez joined in the opposition. Upon consideration of the papers filed by the parties, as well as the arguments of counsel, the court issues the following order.

1.   Preliminarily, Prater urges this court not to entertain the instant motion, asserting that defendants failed to meet/confer on the disputed issues. The record presented indicates that there was some meet/confer effort before the motion was filed, although those negotiations appear to have been less than satisfactory. Further meet/confer negotiations which took place after the motion was filed did not resolve the disputed issues. Given the nature of the issues presented on the instant motion, and the

apparent level of contention between counsel for the parties,[1] it seems that any further meet/confer efforts now would be unavailing.  Nevertheless, counsel for both parties are reminded that they are obliged to engage in meaningful meet/confer negotiations in good faith to resolve all disputed issues before seeking judicial intervention.  *See* Civ. L.R. 37-1(a).  They are further advised to improve their meet/confer efforts on any future discovery dispute so as to avoid the needless expenditure of time and resources by the parties and the court.

2. Prater's motion to strike the May 31, 2005 declaration of John Burnite is DENIED.

3. Prater's objections as to the alleged insufficient service of the May 10, 2005 subpoena duces tecum are OVERRULED AS MOOT.[2]

4. Prater argues that the motion should be denied because defendants cannot obtain his documents via a bare subpoena duces tecum.  He also contends that defendants' motion should have been brought as a motion to compel a more adequate expert disclosure, rather than as a motion to compel compliance with a subpoena duces tecum.

The court considers the subpoena issue to be moot insofar as Prater served his objections (by the stated May 25, 2005 compliance date) to the specific document requests which were (a) listed in the May 10, 2005 subpoena duces tecum and (b) apparently reproduced in defendants' May 27, 2005 deposition notice.  In any event, even assuming (without deciding) that defendants should have filed a motion to compel a more adequate expert disclosure, such a motion would not be qualitatively different than the motion that presently is before the court.

5. With respect to Request Nos. 1-9 and 13, defendants seek documents (e.g., notes, billing information, correspondence, etc.) pertaining to Prater's activities in the instant lawsuit.  Here, there is no dispute that the requested documents will be produced; however, defendants say that all of

---

[1] The parties spent some time in their briefs bickering about issues which are either moot or which are of no consequence to the resolution of the instant motion on the merits.  The court finds this behavior tiresome.

[2] In his opposition brief, Prater argued that the instant motion should be denied because defendants failed to properly effect service of the May 10, 2005 subpoena duces tecum. He added that defendants' subsequent service of a May 27, 2005 deposition notice accompanied by an identical list of document requests was a concession that the May 10, 2005 document subpoena was never properly served.  Nevertheless, at the hearing, Prater's counsel stated that Prater believes the service issue is moot.

2

1   the documents have not yet been produced. At the hearing, plaintiff's counsel represented that all
2   responsive documents have now been produced to defendants, with the exception of Prater's "notes,"
3   which apparently include notes Prater made in the course of preparing his report, drafts, and the like.
4   As to those documents, Prater says that he intended to produce them at his deposition, but does not
5   object to producing them before the deposition.[3] Accordingly, defendants' motion to compel as to
6   these requests is GRANTED. **No later than July 18, 2005**, Prater shall produce to defendants all
7   responsive documents which have not yet been produced.

8         6.      Defendants have propounded a number of requests which seek the production of (a)
9   every document Prater has reviewed, considered or authored in connection with other litigation
10  identified in his report; (b) transcripts of any depositions in which Prater has testified as an expert
11  witness; (c) transcripts of any depositions relating to defendants' employees which Prater believes
12  support his opinions in this matter; (d) transcripts of any trial testimony which Prater believes supports
13  his opinions in this matter; and (e) documents which Prater apparently intends to discuss at trial, but
14  which were not attached to his report (*see* Request Nos. 10-12, 15-32, 64, 68, 72 and 74).
15  Defendants contend that these documents are relevant and necessary to ascertain the bases of Prater's
16  opinions. They argue that he has made only generic reference to hundreds of thousands of documents
17  which purportedly form the basis of his opinions in the instant action.

18        This court finds that these document requests, as drafted, are overbroad and excessive.
19  Although they initially requested an order compelling Prater to produce all responsive documents, at
20  the hearing, defendants said that they want a log identifying (1) the particular documents he intends to
21  use or rely upon; and (2) the stated basis for non-production of those documents.

22        Prater represents that he has produced all documents, including non-confidential documents
23  from other litigation, upon which he relied in preparing his report. He argues that it will be impossible
24  to produce or identify the documents sought by defendants because the documents and information are
25  now part of his "composite knowledge" as to defendants' policies and practices.

---

[3] The parties indicate that under the District Court's scheduling order, they are obliged to complete Prater's deposition this month, and they expect the deposition to go forward in late July. However, a specific date for his deposition has not yet been set pending resolution of the issues raised in the instant motion.

3

It is not clear precisely what Prater means when he refers to his "composite knowledge." Quite apart from his alleged "composite knowledge," however, Prater's report indicates that there are specific documents from other litigation which he has in mind and which he "may want to refer to, or use as an exhibit, or aid at trial" or which he has "reviewed . . . [and] intend[s] to discuss at trial (Burnite Decl., Ex. 1 at p. 2, 21). Indeed, at the hearing, he acknowledged that there are documents which he would like to use, but says that various protective orders preclude him from disclosing those documents to defendants in this action.

Nevertheless, Prater says that he will disclose these documents (or provide a description of them) to defendants if they agree to release him from his obligations under applicable protective orders entered in other lawsuits. Defense counsel indicated at the hearing that defendants are willing to release Prater from his protective order obligations to the extent necessary to permit Prater to provide them with the requested document log.[4] Indeed, it seems that such a log will be necessary to allow defendants to assess the documents identified so that any protective order issues properly may be addressed and resolved.[5] Moreover, it does not seem that identifying the documents – without disclosing the content of the same – will violate any applicable protective orders.

Accordingly, defendants' motion to compel documents responsive to Request Nos. 10-12, 15-32, 64, 68, 72 and 74 is GRANTED only to the following extent: **No later than July 18, 2005**, Prater shall provide a log identifying (1) the documents that he wants or intends to discuss, "refer to, or use as an exhibit, or aid at trial"; and (2) the bases for their non-production in this action.[6] The log

---

[4] Neither party has excluded the possibility that other protected entities or persons may be affected by the production and/or use of information from other litigation in this action. However, Prater says that the documents in question pertain only to defendants.

[5] It is not clear whether this court properly may authorize the production and use of such documents in the instant action or to compel a party to waive the protections of any applicable protective order. Absent any indication to the contrary, it seems that concerns about the parties' respective obligations under the existing protective orders should be addressed to the courts which issued those orders and/or to the entities/parties enjoying the protection of those orders.

[6] At the hearing, Prater argued that because defendants were parties to the other lawsuits, they should bear the burden of obtaining all of the documents from those actions. He further asserted that defense counsel should know by now what documents he was likely to rely upon, and suggested that defendants make their best effort to pick out the pertinent documents and have him verify in deposition whether they are, in fact, the documents he intends to use in the instant action. The court is unpersuaded. Although defendants may have been parties to the other

4

shall not disclose the substantive contents of the documents. The motion as to these requests is otherwise denied. However, the denial is without prejudice to defendants to renew their request for the production of the identified documents with this court only upon a showing that this court properly may authorize such production and that the documents ought to be produced.

7.  Request Nos. 14, 75 and 78 seek the production of all confidentiality or protective orders which Prater claims preclude his disclosure of information which he intends to rely upon or to use at trial. Prater contends that because defendants were parties to the other lawsuits, he should not be put to the "burden of culling through his files . . ." for any order he might have retained. (Opp. at p. 12:19). The court finds no undue burden to the extent these requests seek documents which have been retained in Prater's (or his counsel's) own files. While these protective orders do not themselves form the basis of Prater's opinions, their production may facilitate the resolution of any dispute as to the potential use of documents from other litigation in the instant action. Accordingly, the motion as to these requests is GRANTED as follows: **No later than July 18, 2005**, Prater shall produce the protective orders in his (or his counsel's) files which he claims preclude his disclosure of information.

8.  Request Nos. 33 and 34 seek all correspondence, reports or "writing of any kind" that Prater has ever received or written relating to defendants (and any affiliated companies). These requests are overbroad. To the extent they are cumulative of other requests (e.g., Request Nos. 15-32), they are also excessive. Accordingly, the motion as to Request Nos. 33 and 34 is DENIED.

9.  Request Nos. 35-61 seek documents pertaining to Prater's employment and experience with the particular entities identified in his report. While some requests vary in terms of the documents sought, defendants seek the production of the following documents as to all entities:

- Any written product Prater prepared (including opinions, recommendations, analyses of any kind);
- Communications requesting or providing advice, opinions, recommendations, and analyses of any kind;

---

litigation, they are not mind readers. In any event, the court finds that Prater fairly bears the burden of disclosing those documents which he intends to rely upon or use. *See* Fed.R.Civ.P. 26(a)(2).

5

<div style="text-align:left; font-style: italic;">United States District Court<br/>For the Northern District of California</div>

1       •      All invoices and billings generated by Prater;

2       •      All payments made to Prater;

3       •      All records reflecting hours Prater spent and time he billed;

4       •      All tax forms (such as 1099's and W-2's) he received; and

5       •      All professional services agreements of any kind (e.g., letter agreements, formal contracts, ongoing consulting agreements).

(*See* Burnite Decl., Ex. 2). Defendants contend that Prater is a "hired hand" for alleged insureds generally and for plaintiff's counsel, the Friedman, Rubin & White law firm, in particular. They argue that the requested documents are necessary to explore possible bias on Prater's part. As stated at the hearing, they are particularly interested in obtaining information as to (1) the percentage of time Prater has spent working on behalf of the insurance plaintiff's bar, the insurance defense bar, insureds, insurance companies and the Friedman, Rubin & White law firm; and (2) the percentage of his income derived from his work as to each of these sectors or entities. Prater contends that these requests are overbroad and intrusive of, among other things, his right to privacy. At the hearing, Prater's counsel argued that Prater should not be put to the trouble of examining his records for this information, and contended that if Prater does not know the information, then he should be permitted to testify that he does not know.

The requests, as drafted, are overbroad and excessive. Nevertheless, defendants will be permitted some leeway in exploring possible bias. *See Behler v. Hanlon*, 199 F.R.D. 553, 562 (D. Md. 2001) (permitting discovery of an expert's income from other sources for the purpose of establishing possible bias). Accordingly, the motion as to these requests is GRANTED only to the following extent: **No later than July 18, 2005**, Prater shall (1) conduct a reasonable review of his available records; and (2) serve a declaration providing his reasoned estimate of the following information as to his work and income each year for the past five years:

(a)     the percentage of his time spent and gross income generated from providing consulting or expert witness services for the alleged insureds in claims against insurance companies;

6

1      (b)    the percentage of his time spent and gross income generated from providing consulting or expert witness services for insurance companies defending against claims of their alleged insureds; and

4      (c)    the percentage of his time spent and gross income generated from providing consulting or expert witness services for the Friedman, Rubin & White law firm.

This information shall not be used or disseminated for any purpose not directly related to the prosecution or defense of this action. The motion as to these requests is otherwise DENIED.

    10.    With respect to Request Nos. 62, 63 and 65, defendants seek documents pertaining to Prater's stated professional activities – namely, "all course materials relating to the insurance law class you teach at Santa Clara University School of Law" (Request No. 62); "[a]ll speeches, outlines, PowerPoints, talking Points, papers or other written materials you have prepared or utilized in connection with the seminars and conventions where you have been a featured or keynote speaker . . ." (Request No. 63); and "[a] copy of every book and report you have authored or co-authored . . .." (Request No. 65).

    These requests are overbroad. Nonetheless, the motion is GRANTED to the extent Prater has considered or relied upon any of the listed materials in forming his opinions and preparing his report in this action. Such documents (if any) shall be produced **no later than July 18, 2005**. The motion as to these requests is otherwise DENIED.

    11.    In his report, Prater indicates that he intends to give the jury a tutorial on the "well-understood standards of conduct, universally recognized by reasonable and ethical insurance companies." (Burnite Decl., Ex. 1 at p. 15). Defendant's Request No. 66 seeks "[e]very document [Prater] relied upon to prepare [his] tutorial opinion," a copy of which apparently was attached to his report. At the hearing, defendants said that they seek the production of any documents (e.g., claims manuals), cases, statutes and regulations which form the basis of Prater's tutorial. Prater argues that the information upon which his tutorial is based is too voluminous to produce, and he contends that the tutorial was prepared on the basis of his "composite knowledge" in any event.

    Here again, it is not clear precisely what Prater means when he refers to his "composite knowledge." Nevertheless, defendants are entitled to the documents which Prater

7

considered or relied upon in forming his "tutorial opinion."  Accordingly, the motion as to Request No. 66 is GRANTED as follows:  **No later than July 18, 2005**, and to the extent they have not already been produced, Prater shall produce all reasonably identifiable documents (e.g., claims manuals, statutes, rules, regulations, court opinions, etc.) that he considered in preparing his "tutorial opinion," as well as any documents which he intends to rely upon or use at trial.  The motion as to this request is otherwise DENIED.

12.	In his report, Prater cites to his amended *Norcia* report – i.e., a report that he apparently prepared and submitted in another lawsuit.  Here, he cites his *Norcia* report for its discussion of the "well-known and non-controversial standards of conduct that must be adhered to . . . ."  (Burnite Decl., Ex. 1 at p. 9; *see also id*. at pp. 12, 15).  A copy of the referenced *Norcia* report apparently was attached to his report.  Defendants now move to compel the production of "[e]very document [Prater] relied upon to prepare [his] Amended Norcia opinion . . . ."  (Request No. 67).

As drafted, Request No. 67 is overbroad in that it appears to seek the production of documents which support assertions or opinions for which the *Norcia* report is not being cited here. Nonetheless, and despite Prater's claim that the cited standards are "non-controversial," the court finds that any documents upon which Prater relied in making the assertions for which his *Norcia* report is cited are fair game for discovery.  Accordingly, the motion is GRANTED as to any documents Prater relied upon or considered in preparing his *Norcia* report as to the referenced industry standards.  Any such documents shall be produced **no later than July 18, 2005**.  The motion as to this request is otherwise DENIED.

13.	In Request Nos. 69-71, 73, 76, 77 and 80, defendants seek the production of all notes and correspondence pertaining to the cited multistate examination report, as well as all documents which Prater believes support his opinions as to defendants' alleged practices.  Prater contends that these requests are overbroad and seek information which is part of his "composite knowledge" in any event.

As noted above, it is not clear what Prater means by his "composite knowledge." Nevertheless, defendants are entitled to the documents upon which Prater's opinions are based, as well as any notes he generated in the course of preparing his report.  Accordingly, the motion as to

8

these requests is GRANTED as follows: **No later than July 18, 2005**, Prater shall produce all identifiable documents that he considered or relied upon in forming his opinions in this matter, any documents which he intends to rely upon or use at trial, and any notes re the multistate examination report which he generated in the course of preparing his report. As to any documents which Prater contends are subject to protective orders entered in other litigation, the parties shall proceed as directed in Paragraph 6 of this order. The motion as to this request is otherwise DENIED.

14. With respect to Request No. 79, defendants seek production of the "detailed information" from Dr. Lee that is referenced at page 34 of Prater's report. Plaintiff's counsel stated that all of Dr. Lee's records have been produced to defendants. Defendants argue that their receipt of Dr. Lee's files is beside the point. They want to know what pages from Dr. Lee's records were given to Prater and what specific pages Prater relied upon in preparing his report.

Defendants are entitled to this information. Although the identification of those pages might be obtained in deposition, to the extent the disclosure of that information now may be conducive to a more efficient deposition, the court will grant the motion as to Request No. 79 as follows: **No later than July 18, 2005**, Prater shall (1) produce the pages from Dr. Lee's records which he received and (2) identify the specific pages he considered or relied upon in forming his opinions and preparing his report. To the extent all of the documents provided to Prater have already been produced, Prater need not re-produce them; however, and in any event, he shall identify those specific pages from Dr. Lee which he considered or relied upon.

15. Prater's request for an award of attorneys' fees and costs incurred in opposing the instant motion is DENIED.

Dated:  July 8, 2005

/s/ electronic signature authorized
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

9

1  5:04-cv-1312 Notice will be electronically mailed to:

2  Robert Herbert Bohn Snr.     jodie@bohnlaw.com, info@bohnlaw.com

3  John T. Burnite     jtb@kelher.com

4  John C. Ferry     jferry@kelher.com

5  Richard Henry Friedman     rfriedman@frwlaw.us, jcrook@frwlaw.us

6  Michael G. Glanzberg     mgg@kelher.com

7  Thomas M. Herlihy     herlihy@kelher.com

8  Barbara L. Lyons     blyons@cpsmlaw.com

9  Jeffrey K. Rubin     jrubin@frwlaw.us, jcrook@frwlaw.us

10 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California