**\*E-FILED ON 7/26/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA MENDEZ, | No. C04-1312 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE STEPHEN PRATER'S EXPERT DEPOSITION FEE** |
| v. | |
| UNUM PROVIDENT CORPORATION and PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, | |
| | **[Re: Docket No. 83]** |
| Defendant. | |

On July 26, 2005, this court heard defendants' "Motion for Protective Order Regarding Stephen Prater's Expert Deposition Fee." Plaintiff Cynthia Mendez opposed the motion. Upon consideration of the papers submitted, as well as the arguments of counsel, this court grants the motion in part and denies the motion in part.

**I. BACKGROUND**

This is an action for bad faith breach of an insurance contract. Plaintiff has designated Stephen Prater as an expert to testify at trial on claims handling procedures. Defendants plan to depose him. At issue in the instant motion are Prater's hourly fees for deposition testimony. Prater charges $485 per hour for deposition testimony and $550 per hour if the deposition is videotaped. Defendants do not dispute that they are obliged to pay Prater a reasonable fee. However, they contend that his hourly fees are excessive and unreasonable under Fed.R.Civ.P. 26(b)(4)(C). They seek a protective

1  order reducing Prater's deposition fee to $300 per hour, whether or not the deposition is videotaped.

2  Plaintiff's opposition is three-fold. First, she contends that defendants' motion for protective order is untimely under the District Court's scheduling order. Second, she argues that defendants have conceded the reasonableness of Prater's fees because they have previously paid his fees without complaint in other litigation. Third, plaintiff contends that Prater's fees are reasonable in any event.

## II.  LEGAL STANDARD

Upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes courts to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery. The party seeking a protective order has the burden of showing that the protection is warranted. FED.R.CIV.P. 26(c).

With respect to expert fees, Fed.R.Civ.P. 26(b)(4)(C) provides:

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

FED.R.CIV.P. 26(b)(4)(C). "What constitutes a 'reasonable fee' for purposes of Rule 26(b)(4)(C) lies within the Court's sound discretion." *Edin v. The Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545 (D. Ariz. 1999) (citing 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil 2d, § 2034 at 469-470 (2d ed. 1994)).

## III.  DISCUSSION

As for plaintiff's procedural objection, this court is unpersuaded that the instant motion is untimely under the scheduling order entered in this action. She points out that under the District Court's November 11, 2004 Scheduling Order, "[a]ny party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than June 20, 2005 at 9:00 a.m." (*See* November 11, 2004 Scheduling Order, Docket No. 16). However, this court does not view the issue as to Prater's stated fees to be equivalent to a dispute over his "testimony," as plaintiff suggests.

2

Plaintiff next argues that defendants have conceded the reasonableness of Prater's deposition fees. Here, she directs the court's attention to a number of other cases in which defendants have paid Prater's deposition fees in full without objection. Most of the cited examples appear to involve fees which are lower than those at issue here. However, the record presented indicates that defendants have paid Prater's $550 hourly fee for videotaped depositions on at least two occasions within the last seven months in other litigation. (*See* Prater Decl., ¶ 16; *see also* Rubin Decl., ¶ 5). Defendants' agreement to pay such fees in the past does raise some question as to why they have only now decided to challenge the claimed reasonableness of the same. Nevertheless, the court does not find that defendants' past acquiescence necessarily bars them from now seeking a protective order permitting them to pay a lower fee.

As for the substantive dispute over Prater's deposition fees, this court must determine whether defendants have shown "good cause" for a protective order decreasing Prater's fee to $300 per hour. In determining a "reasonable fee," the court may consider the following factors:

(1) the witness's area of expertise;
(2) the education and training required to provide the expert insight which is sought;
(3) the prevailing rates of other comparably respected available experts;
(4) the nature, quality, and complexity of the discovery responses provided;
(5) the fee actually charged to the party who retained the expert;
(6) fees traditionally charged by the expert on related matters; and
(7) any other factor likely to assist the court in balancing the interests implicated by Rule 26.

*Edin*, 188 F.R.D. at 546. Here, defendants argue that Prater's fees are unreasonable because (1) they are grossly disproportionate to the fees charged by other comparable experts; and (2) there is no justification for charging a higher fee for videotaped depositions.

Defendants have not convincingly demonstrated that Prater's standard $485 hourly fee is excessive when compared to the other experts they highlight in their motion – i.e., Mary Fuller, Frank Caliri III and Don Kelly.[1] According to defendants, for deposition testimony, Fuller charges $250 per

---

[1] Plaintiff argues that Prater's fees should be compared to those charged by defendants' expert, Dr. Curtis, who charges $500 per hour for depositions. The record indicates that Dr. Curtis is a Board Certified medical doctor who specializes in rheumatology. (*See* Burnite Decl., Ex. H). Given the considerable difference between the areas of claimed expertise of Dr.

3

1   hour, and Caliri and Kelly both charge $350 per hour.  Plaintiff contends that defendants'

2   representations as to the current fees charged by Fuller, Caliri and Kelley are not accurate.  Her

3   counsel attests that Fuller charges $300 per hour (with a four-hour minimum); Kelley charges $350

4   per hour; and Caliri charges between $350 and $375 per hour depending upon the complexity of the

5   case.  (*See* Rubin Decl., ¶¶ 5, 7).  In any event, unlike Prater, neither Fuller nor Caliri has a law

6   degree.  (*See* Burnite Decl., Exs. B-D).  Moreover, defendants' papers indicate that Caliri charges a

7   four-hour minimum fee for any deposition.  (*See id.*, Ex. D).  Furthermore, the record indicates that

8   Prater's claimed experience in the insurance field, which includes work with the government, academia

9   and the private sector, appears to be broader than that of Fuller, Caliri or Kelly.  (*See id.*, Exs. B-E;

10  *see also* Prater Decl, Ex. 1).

11         At the same time, however, the court is persuaded that defendants should not be required to

12  pay Prater's $550 hourly fee for videotaped depositions (as opposed to non-videotaped depositions).

13  Prater's reasons for the higher fee appear to be based upon the additional cost and time it takes to

14  review such depositions.  He says that he is obliged to charge a higher rate for videotaped depositions

15  because (1) he "must purchase the video or DVD that records the deposition in order to have it to

16  review"; and (2) "it takes longer to review transcripts and deposition which are videotaped as well as

17  transcribed."  (Prater Decl., ¶ 7).  He offers the deposing party the option of paying his standard rate

18  of $485 per hour for videotaped depositions, so long they pay for his copy of the videotape or DVD.

19  (*Id.*)  Nevertheless, he "will charge [the deposing party] [his] hourly rate should reviewing the

20  deposition require extensive review of the video record because of the quality of the transcript."  (*Id.*)

21         Although neither party has cited any authority on this precise issue, this court concludes that

22  defendants should not be required to pay for costs or time involved in Prater's review of the

23  deposition.  *See* Fed.R.Civ.P. 26(b)(4)(C) (requiring payment of "a reasonable fee for time spent in

24  responding to discovery . . . ."); *see also Patterson Farm, Inc. v. City of Britton*, 22 F. Supp.2d

25  1085, 1095-96 (D. S.D. 1998) (concluding that the deposing party was obliged to pay for an expert's

---

28  Curtis and Prater, the court does not believe that a comparison between their stated fees is helpful in resolving the instant motion.

4

1 review of a deposition transcript where the deposing party requested that such a review be conducted,
2 but the deposing party was not required to pay for the experts' review of their own testimony).

### IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT defendants' motion for protective order is GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants shall pay Prater's standard deposition fee of $485 per hour, whether or not the deposition is videotaped.

2. Defendants shall not be required to pay for Prater's copy of the deposition transcript or videotape, nor for his time spent reviewing the same.

Dated:   July 26, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:04-cv-1312 Notice will be electronically mailed to:

2  Robert Herbert Bohn Snr.    jodie@bohnlaw.com, info@bohnlaw.com

3  John T. Burnite    jtb@kelher.com

4  John C. Ferry    jferry@kelher.com

5  Richard Henry Friedman    rfriedman@frwlaw.us, jcrook@frwlaw.us

6  Michael G. Glanzberg    mgg@kelher.com

7  Thomas M. Herlihy    herlihy@kelher.com

8  Barbara L. Lyons    blyons@cpsmlaw.com

9  Jeffrey K. Rubin    jrubin@frwlaw.us, jcrook@frwlaw.us

10 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.