IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Cynthia Mendez, | NO. C 04-01312 JW |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NON-RETAINED EXPERTS AND DENYING PLAINTIFF'S MOTION TO PRECLUDE THE NON-MEDICAL OPINIONS OF DEFENDANTS' RETAINED EXPERT** |
| v. | |
| Unum Life Insurance Company of America, et al. | |
| Defendant(s). | |

## I. INTRODUCTION

This case arises out of a claim for disability benefits made by Plaintiff Cynthia Mendez ("Plaintiff") under a group disability insurance policy issued by Defendant Unum Provident Corporation and Defendant Provident Life & Accident Insurance Company (collectively, "Defendants") to Plaintiff's employer, the Housing Authority of the County of Santa Clara. Presently before this Court is Plaintiff's Motion to Strike Defendants' Non-Retained Experts and to Preclude the Non-Medical Opinions of Defendants' Retained Expert. (See Pl. Notice of Mot. and Mot. to Strike Defs. Non-Retained Experts and to Preclude the Non-Medical Opinions of Defs. Retained Expert, hereinafter "Pl. Mot.," Docket Item No. 48.) For the reasons set forth below, Plaintiff's Motion to Strike Defendants' Non-Retained Experts is GRANTED in part and DENIED in part and Plaintiff's Motion to Preclude the Non-Medical Opinions of Defendants' Retained Expert is DENIED.

## II.  BACKGROUND

Plaintiff was employed by the Housing Authority of the County of Santa Clara as a Housing Programs Specialist/Social Worker and was insured under its group disability insurance policy issued by Defendants.  (First Am. Compl., Docket Item No. 4, ¶¶ 2-3.)  During the course of her employment, Plaintiff allegedly became disabled from fibromyalgia and carpal tunnel syndrome and suffered two subsequent strokes, rendering her completely disabled from performing her job or other jobs for which she was qualified.  (First Am. Compl. ¶ 4.)  Thereafter, Plaintiff received monthly disability benefits until they were discontinued in July 2002.  (First Am. Compl. ¶ 8.)  Plaintiff brought this action on April 2, 2002, alleging (1) breach of insurance contract; (2) insurance bad faith; and (3) intentional infliction of emotional distress.  (See Compl., Docket Item No. 1.)

On November 11, 2004, this Court issued a Scheduling Order, which set forth, in relevant part, the following provisions:

> 4.  Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) on or before **May 2, 2005**.
>
> 5.  Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed. R. Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.
>
> 6.  The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed. R. Civ. P. 26(a)(2)(B). . . .
>
> 8.  If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering the rebuttal expert shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B), no later than **May 13, 2005**.

(Scheduling Order, Docket No. 16, ¶¶ 4-8 (emphasis added).)

On May 2, 2005, Defendants served their expert disclosures, naming Dr. David L. Curtis as their only retained expert.  (See Decl. of Robert H. Bohn in Supp. of Pl.'s Motion to Strike Defs. Non-Retained Experts and to Preclude the Non-Medical Opinions of Defs.

2

Retained Expert, hereinafter "Bohn Decl.,"[1] Docket Item No. 49, Ex. 2.) During Dr. Curtis' deposition on June 7, he stated that he is a board certified medical doctor, specializing in rheumatology. (Bohn Decl. Ex. 4 at 5:12-18.) Dr. Curtis also stated that he did not have any special training in insurance claims procedures or in the interpretation of insurance policies. (Bohn Decl. Ex. 4 at 10:9-14.)

On May 13, 2005, Defendants served upon Plaintiff a document titled "Amended Expert Witness Disclosure," which again disclosed Dr. Curtis as a retained expert, but also disclosed five additional non-retained experts. (See Bohn Decl. Ex. 5.) These expert witnesses are Geron Brown, M.D., Linda Pendergrass, R.N., Becky Wallin, R.N., Robert A. Hill, M.D., and Irene LaLonde, R.N. Of the five additional non-retained experts, four are direct employees of Defendant Unum Provident, and the fifth, Irene Lalonde, is an independent contractor. (Mem. of Points and Authorities in Supp. of Defs.' Opp'n to Pl.'s Mot. Re Defs.' Retained and Non-Retained Experts, hereinafter "Opp'n," Docket Item No. 77, at 2:20-22.)

Plaintiff moves (1) to strike Defendants' non-retained experts on the grounds that Defendants failed to make a timely and proper expert disclosure pursuant to this Court's Scheduling Order; and (2) to preclude the non-medical opinions of Defendants' retained expert, Dr. David L. Curtis, on the grounds that Dr. Curtis is not an expert in insurance practices or claims administration. (See Pl. Mot.) Defendants oppose this Motion on the basis that Defendants are not required to disclose reports for non-retained experts and that Plaintiff's Motion is "better reserved for trial as part of motions *in limine* after discovery is completed and pretrial preparation in place." (Opp'n at 2:7-8.)

### III. STANDARD

**A. Motion to Strike Non-Retained Experts**

The process for disclosure of expert testimony is generally governed by Rule 26(a)(2)

---

[1] Plaintiff repeatedly cites the "Declaration of Jeffrey K. Rubin" in her Motion. This Court assumes that Plaintiff is intended to cite to the Declaration of Robert H. Bohn, which Plaintiff filed along with her Motion. (See Bohn Decl., Docket Item No. 49.)

3

of the Federal Rules of Civil Procedure. Rule 26(a)(2) requires parties to disclose the identity of any person who may present expert testimony at trial pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. FED. R. CIV. P. 26(a)(2)(A). Except as directed by the court, with respect to "a witness who is retained or specially employed to provide expert testimony . . . or whose duties as an employee of the party regularly involve giving expert testimony," Rule 26(a)(2)(B) requires that parties provide, along with their Rule 26(a)(2)(A) disclosure, a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). These disclosures "shall be made at the times and in the sequence directed by the court." FED. R. CIV. P. 26(a)(2)(C).

Should a party fail to disclose information as required by Rule 26(a), Rule 37(c)(1) prohibits the use at trial of the information that was not properly disclosed. FED. R. CIV. P. 37(c)(1). The district court is given a wide latitude of discretion to issue sanctions under Rule 37(c)(1). Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). However, evidence preclusion may be evaded where the party facing sanctions proves that its failure to comply with Rule 26(a) was "substantially justified" or "harmless." Id.

**B. Motion to Preclude Testimony of Retained Expert**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony at trial. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify thereto in the form of an opinion or otherwise." FED. R. EVID. 702. In assessing whether an expert has the appropriate qualifications, the court considers whether the expert has some special knowledge, skill, experience, training, or education on the subject matter. Id.; United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

4

## IV.  DISCUSSION

**A.  Plaintiff's Motion to Strike Defendants' Non-Retained Experts is Granted in Part and Denied in Part**

### 1. Because Defendants Failed to Timely Disclose Their Non-Retained Experts, Defendants' Non-Retained Experts May Not Present Direct Expert Testimony in Support of Defendants' Claims and Defenses

Plaintiff asserts that Defendants' "non-retained" experts[2] should be excluded because they were disclosed after the May 2, 2005 deadline, which was set forth in this Court's Scheduling Order. (Pl. Mot. at 4:1-5.) Defendants counter that the admissibility of their non-retained experts' opinions should be considered by this Court during their testimony at trial. (Opp'n at 2:18-19.)

Pursuant to Rule 26(a)(2)(B), a court can substitute its own direction for the disclosure of expert testimony. FED. R. CIV. P. 26(a)(2)(B).  Because this Court assumed the responsibility for directing expert witness disclosure, including the lodging of supplemental reports and the setting of disclosure dates, the alternative procedures set forth by Rule 26(a)(2)(B) and (C) were never triggered. See FED. R. CIV. P. 26(a)(2)(B) and (C); see also Int'l Bus. Mach. Corp. v. Fasco Indus., 1995 WL 115421, at *2 (N.D. Cal. Mar. 15 1995) ("When the court crafted its own schedule for expert disclosures, the mechanism set forth in Rule 26 was nullified, including the provision for supplemental disclosures").

The Scheduling Order clearly states that "any party wishing to present *expert witness testimony with respect to a claim or defense* shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed. R Civ. P. 26(a)(2)(B) on or before May 2, 2005." (Scheduling Order ¶ 4 (emphasis added).) Although Defendants timely served a complete expert witness disclosure for Dr. Curtis, they served the expert witness disclosures for the five non-retained experts on May 13, 2005, which

---

[2] A "non-retained" expert is a witness who is not "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B).

is past the May 2, 2005 deadline.[3]  Due to Defendants' untimely disclosure of their non-retained experts and their failure to petition this Court for relief from the Scheduling Order, this Court holds that Defendants may not present their non-retained experts in support of their claims or defenses.

**2. Defendants Incompletely Disclosed Their Non-Retained Experts as Rebuttal Witnesses**

Although Plaintiff concedes that Defendants timely served their list of non-retained experts by the May 13, 2005 rebuttal expert witness deadline, Plaintiff argues that this Court should preclude Defendants' non-retained experts from testifying as rebuttal experts because Defendants failed to disclose their written reports.  (Pl. Mot. at 3:15-17, 4:7-9.) Defendants counter that, pursuant to Rule 26, they are not required to disclose reports for non-retained experts. (Opp'n at 3:17-18.)

Although Defendants are correct in stating that Rule 26 does not require non-retained experts to submit a report, they overlook the language in this Court's Scheduling Order, which controls.  See FED. R. CIV. P. 26(a)(2)(B).  With respect to rebuttal expert witnesses, the Scheduling Order states that "the party proffering *a rebuttal expert* shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B)."  (Scheduling Order ¶ 8 (emphasis added).)  The Scheduling Order not differentiate between "retained" and "non-retained" rebuttal experts. Furthermore, Rule 26(a)(2)(B) requires a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B).  Specifically, the written report:

> shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualification of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and the testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

---

[3] It is irrelevant that the document naming the non-retained experts is titled "Amended Expert Witness Disclosure" of Unum Provident Corporation and Provident Life & Accident Insurance Company.  This Court's Scheduling Order does not provide for such amended disclosures.  (See Scheduling Order.)

Id. Even though Defendants' initial disclosure revealed the identities of the non-retained experts as individuals possessing information relevant to the dispute and "documents prepared by each of these witnesses" (Opp'n at 3:17-18), it does not comply with the expert disclosure requirements of Rule 26(a)(2)(B). (See Bohn Decl. Ex. 5.) For instance, there is no indication that the documents produced during initial disclosures contains a "complete statement of all opinions to be expressed and the basis and reasons therefor." FED. R. CIV. P. 26(a)(2)(B). Since the Defendants have not provided a written report as required by Rule 26(a)(2)(B), they have failed to comply fully with this Court's Scheduling Order, which required rebuttal expert disclosures by May 13, 2005. Thus, Defendants are subject to sanctions, the degree and severity of which are within this Court's discretion.

### 3. Defendants May Only Present Their Non-Retained Experts as Rebuttal Experts and, If Defendants Elect to Do So, Defendants Must Provide a Written Report

Under Rule 37(c)(1), if a party fails to disclose information required by Rule 26(a), that party shall not present at trial any evidence not so disclosed, unless there is a "substantial justification" or the "failure is harmless." See FED. R. CIV. P. 37(c)(1). Defendants argue that "Plaintiff must demonstrate that Defendants' conduct was not substantially justified and that she was harmed thereby." (Opp'n at 4:18-20.) This Court disagrees. In the Ninth Circuit, the burden is on the party facing sanctions to prove harmlessness or substantial justification for noncompliance with the Scheduling Order. See Yeti By Molly, 259 F.3d at 1107; see also FED. R. CIV. P. 37(c)(1).

In attempting to prove harmlessness of the incomplete disclosure, Defendants point to the fact that Plaintiff had an opportunity to depose all five witnesses since they were identified in Defendants' initial disclosure, but that they only chose to depose three of the five witnesses about their involvement in the claim. (Opp'n at 4:24-25.) Also, Defendants point to the fact that they provided all writings relevant to this case during initial disclosures. (Opp'n at 4:23-24.) Plaintiff argues that Defendants' non-retained experts should be excluded from testifying as a sanction for incomplete disclosure because such testimony would prejudice Plaintiff's ability to

challenge any expert opinion they may offer. (Pl. Mot. at 5:9-10.) Although Plaintiff deposed three of the non-retained experts about their involvement in the claim, Plaintiff argues that she did not have an opportunity to depose the five witnesses as non-retained experts. (Pl. Mot. at 5:24-26.) Furthermore, Plaintiff argues that the documents provided by Defendants during initial disclosures relate largely to the non-retained experts' direct factual involvement in her claim, and not to the opinions that they will offer. (Reply to Defs.' Mot. to Strike Defs.' Non-Retained Experts and to Preclude the Non-Medical Opinions of Defs.' Retained Expert, Docket Item No. 79, at 3:8-14.)

While Defendants did not provide a complete written report, the deposition of three witnesses and the documents produced during the initial disclosure gave Plaintiff a general idea of what expert opinions Defendants may attempt to offer at trial. (See Bohn Decl. Ex. 5.) For example, Dr. Brown stated in a physician response section that "it appears that insured has made a satisfactory recovery from the bilateral Carpal Tunnel Release." (Bohn Decl. Ex. 5 at PLACL00110.) Therefore, this Court concludes that Plaintiff has only suffered minimal harm from not having a complete written report from Defendants' non-retained experts and that exclusion of these experts is not warranted. This Court holds that Defendants may present those non-retained experts whose testimony "is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party," as long as Defendants provide Plaintiff with written reports by August 22, 2005 that substantially complies with the requirements of Rule 26(a)(2)(B). At the very minimum, these reports shall disclose enough information to enable Plaintiff to prepare for effective cross examinations at trial. FED. R. CIV. P. advisory committee's notes to 1993 Amendments, ¶ (2).

**B. Plaintiff's Motion to Preclude Testimony of Defendants' Retained Expert Is Denied**

To the extent that Defendants offer Dr. Curtis' testimony to establish that neither Defendants nor any reasonable insurer could have known that Plaintiff was disabled at the time Defendants terminated Plaintiff's benefits, Plaintiff moves to exclude such testimony on the grounds that it is beyond his expertise as a physician. (Pl. Mot. at 6:22-24.) Defendants argue

8

that a motion to limit the testimony of Dr. Curtis is premature, that the relief sought is vague, and that it is for the jury to weigh the sufficiency of Dr. Curtis' testimony. (Opp'n 5:8-11.)

This Court finds that it is not necessary to rule on this Motion at this stage of the litigation. As such, this Court summarily DENIES it without prejudice to its being raised at a later juncture.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Non-Retained Experts is GRANTED in part and DENIED in part. Defendants' non-retained experts shall not present any direct expert testimony in support of Defendants' claims or defenses. However, Defendants may present their non-retained experts as rebuttal experts. If Defendants' elect to do so, they must provide Plaintiff with written reports that substantially comply with Rule 26(a)(2)(B) by August 22, 2005. Furthermore, Plaintiff's Motion to Preclude Defendants' Retained Expert is DENIED.

Dated: August 1, 2005

/s/James Ware
JAMES WARE
United States District Judge

04cv1312exp-test

9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Barbara L. Lyons blyons@cpsmlaw.com
Jeffrey K. Rubin jrubin@frwlaw.us
John C. Ferry jferry@kelher.com
John T. Burnite jtb@kelher.com
Michael G. Glanzberg mgg@kelher.com
Richard Henry Friedman rfriedman@frwlaw.us
Robert Herbert Bohn Snr. Jodie@bohnlaw.com
Thomas M. Herlihy herlihy@kelher.com

Dated:  August 1, 2005                                     Richard W. Wieking, Clerk

                                                           By:/s/JWchambers
                                                                **Ronald L. Davis**
                                                                **Courtroom Deputy**

**United States District Court**
For the Northern District of California