**\*E-FILED ON 8/23/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA MENDEZ, | No. C04-01312 JW (HRL) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO COMPEL CIVIL SERVICE EMPLOYEES INSURANCE COMPANY'S PRODUCTION OF DOCUMENTS** |
| v. | |
| UNUM PROVIDENT CORPORATION and PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, | **[Re: Docket No. 55]** |
| Defendants. | |

Defendants move to compel the production of documents pursuant to a subpoena duces tecum served on nonparty Civil Service Employees Insurance Company ("CSEIC"). It also moves for an extension of the deadline for filing the instant motion to compel. CSEIC opposed the motion. Upon consideration of the papers filed by the parties,[1] as well as the arguments presented at the August 23, 2005 hearing, the court DENIES the motion.

**I.   BACKGROUND**

This is an action for bad faith breach of an insurance contract. Plaintiff has designated Stephen Prater as an expert to testify at trial on claims handling procedures. In his expert report, Prater states that he currently serves as CSEIC's "Training Officer," and is "responsible for drafting claims handling standards, claims manuals and other training materials for the claims department." (Burnite Decl., Ex.

---

[1] On August 15, 2005, CSEIC filed a request for judicial notice as to two unpublished district court opinions. This court deems those opinions to be irrelevant to the disposition of the instant motion. Accordingly, CSEIC's request for judicial notice is denied.

1 at p. 5). He also says that he "conduct[s] training seminars for [CSEIC's] personnel." (*Id.*) On May 11, 2005, defendants served a subpoena duces tecum on CSEIC seeking the production of the following documents:

> For the period 1995-Present, all documents reflecting services rendered by, employment, association engagement, hiring, and/or retention of, and monies paid to, Stephen D. Prater ("Prater") by YOU, including but not limited to the following documents:
>
> 1.   All claims manuals (and/or portions thereof), claims handling standards, and training materials (including written guidelines and recommendations and seminar programs, outlines, slides and summaries) prepared by Prater.
>
> 2.   Any written product prepared for or received by YOU from Prater (including opinions, recommendations, analyses, of any kind);
>
> 3.   Any requests for services or assistance sent to Prater;
>
> 4.   Communications with Prater requesting or receiving advice, opinions, recommendations, and analyses of any kind;
>
> 5.   All invoices and billings received from Prater;
>
> 6.   All payments made to Prater;
>
> 7.   All records reflecting hours spent and time billed by Prater;
>
> 8.   All tax records including all 1099's, W-2's or other tax reporting form[s] sent to Prater;
>
> 9.   All professional services agreements with Prater of any kind (e.g., letter agreements, formal contract, ongoing consulting agreements);
>
> 10.  All billing records, logs, diaries, spreadsheets, agings, accounts receivable and accounts payable relating to monies owed to and paid to Prater.

(Burnite Decl., Ex. 2). On the May 25, 2005 compliance deadline, Prater served formal objections to these document requests. Among other things, he objected to the subpoena as calling for information which is protected by his right to privacy. (*Id.*, Ex. 5). CSEIC did not serve any objections to the subpoena. However, on June 15, 2005, its counsel advised defendants in writing that no responsive documents would be produced in light of Prater's stated objections. (*Id.*, Ex. 4).

Defendants now move for an order compelling CSEIC to produce the requested documents. They contend that the documents are relevant to Prater's credibility as well as to potential bias issues. They argue that their motion should be granted because (1) CSEIC failed to object to the subpoena

and has now waived all objections – including those based upon privilege; (2) Prater has no standing to object to the subpoena, except perhaps as to his financial privacy rights; and (3) Prater has put his finances at issue in this litigation by virtue of his expert report.

CSEIC argues that defendants are collaterally estopped from bringing this motion because this court denied defendants' previous motion to compel the same documents from Prater himself. It further contends that (1) the subpoena did not provide a reasonable period of time for compliance and (2) disclosure of most, if not all, of the requested documents is precluded by the attorney-client privilege and by CSEIC's non-disclosure obligations to its insureds.

## II. DISCUSSION

### A. Defendants' Motion to Extend the Deadline for Motions to Compel

Preliminarily, defendants request that this court extend the deadline for filing the instant motion to compel. The District Court set a July 1, 2005 cut-off date for both fact and expert discovery.[2] Therefore, the last day to move to compel discovery was July 12, 2005. *See* CIV. L.R. 26-2 ("Where the Court has set a single discovery cut-off for both fact and expert discovery, no motions to compel discovery may be filed more than 7 court days after the discovery cut-off."). The instant motion to compel was filed on June 30, 2005. Thus, defendants' motion for an extension of the deadline for filing the instant motion is unnecessary and is DENIED as MOOT.

### B. Defendants' Motion to Compel CSEIC's Documents

Fed.R.Civ.P. 45 provides that a nonparty to whom a subpoena is directed may serve written objections to the same "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service . . .." FED.R.CIV.P. 45(c)(B). A party that is not the recipient of the subpoena has standing to challenge the subpoena "where its challenge asserts that the information is privileged or protected to itself." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D. Nev. 1994). However, "'[o]nly the [nonparty] can prevent disclosure by objection. The party to whom the subpoenaed records pertain *cannot* simply object. Rather, a protective order or motion to quash the subpoena is required.'" *McCoy v. Southwest Airlines Co.,*

---

[2] At the parties' request, the District Court has extended the July 1, 2005 discovery cut-off for limited purposes which are not pertinent to the resolution of the instant motion.

3

*Inc.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002) (quoting SCHWARZER, ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶ 11:422 (2002 rev.)). "Thus, a nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived." *Id*. at 385.

However, "'[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena].'" *Id.* (quoting *American Electric Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Unusual circumstances have been found where (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a nonparty acting in good faith; and (3) counsel for the subpoenaed witness and counsel for the subpoenaing party were in contact about the witness' compliance before it challenged the legal basis for the subpoena." *Id*.

In this case, CSEIC initially based its noncompliance with the subpoena solely upon the fact that Prater objected to the requests. (*See* Burnite Decl., Ex. 4). It apparently did not articulate any of its own objections to the subpoena until it filed its opposition to the instant motion. The fact that Prater served objections to the subpoena did not relieve CSEIC of its obligation to timely respond to the subpoena and to comply with applicable rules. The prudent course would have been for CSEIC to assert its objections to the subpoena before its filed its opposition to the instant motion.

Nonetheless, as a nonparty, CSEIC is entitled to consideration as to the expense and inconvenience in complying with the subpoena. *See* Fed.R.Civ.P. 45(c)(3). Here, the subpoena is overbroad, excessive and duplicative. While it is not clear that the doctrine of collateral estoppel applies (as CSEIC contends), it is true that this court has already denied defendants' previous motion for an order compelling the production of substantially similar (if not identical) documents from Prater. (*See* July 8, 2005 Order Granting in Part and Denying in Part Defendants' Motion to Compel Stephen Prater's Production of Documents, Docket No. 88). In its July 8, 2005 order, this court allowed defendants some leeway to explore potential bias and credibility issues by ordering Prater to provide a declaration with certain information as to his work and income. It otherwise found the document requests to be "overbroad and excessive." (*Id*. at p. 6).

Defendants contend that the requested information is relevant to show (1) whether Prater's opinions in CSEIC matters are consistent with the views he expresses in the instant action; (2) the extent to which Prater is hired by insurance companies for his opinions as an expert; and (3) whether the money CSEIC has paid Prater contributes to any bias on his part. They further argue that what might be overbroad and excessive for an individual person to produce may not be so for a corporate entity. However, defendants have failed to demonstrate that all of the requested documents are necessary to explore Prater's credibility or potential bias, that they need information from CSEIC beyond that which this court has already ordered Prater to provide, or that the requests are any less intrusive because they are being directed to CSEIC rather than to Prater directly.

### III.  ORDER

Based on the foregoing, IT IS ORDERED THAT defendants' motion to compel is DENIED.

Dated:  August 23, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:04-cv-1312 Notice will be electronically mailed to:

Robert Herbert Bohn Snr.     jodie@bohnlaw.com, info@bohnlaw.com

John T. Burnite     jtb@kelher.com

John C. Ferry     jferry@kelher.com

Richard Henry Friedman     rfriedman@frwlaw.us, jcrook@frwlaw.us

Michael G. Glanzberg     mgg@kelher.com

Thomas M. Herlihy     herlihy@kelher.com

Barbara L. Lyons     blyons@cpsmlaw.com

Jeffrey K. Rubin     jrubin@frwlaw.us, jcrook@frwlaw.us

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Courtesy copy will be mailed to:

Marjorie Motooka
Prestholt & Fidone LLP
39 E. Union Street, Second Floor
Pasadena, CA 91103