**\*E-FILED ON 8/26/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA MENDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>UNUM PROVIDENT CORPORATION and PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY,<br><br>    Defendants.<br>_____/ | No. C04-01312 JW (HRL)<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL INITIAL DISCLOSURES; (2) DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER; (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN ORDER DEEMING MATTERS ADMITTED; AND (4) DENYING DEFENDANTS' MOTION FOR SANCTIONS**<br><br>**[Re: Docket Nos. 60, 62, 73]** |

In this action for bad faith breach of an insurance contract, plaintiff claims that defendants improperly terminated her disability benefits. Presently before the court are: (1) defendants' "Motion for a Protective Order Re Plaintiff's 6,392 Requests for Admissions and to Strike Plaintiff's Supplemental Disclosures"; (2) defendants' "Motion for Sanctions"; and (3) plaintiff's "Motion for Order Deeming Matters Admitted." Upon consideration of the moving and responding papers, as well as the arguments presented at the August 23, 2005 hearing, the court issues the following order.

## I. DISCUSSION

**A.   Defendants' Motion to Strike Plaintiff's Supplemental Disclosures**

In May 2005, plaintiff served two Supplemental Initial Disclosures which consist of a number of documents that apparently were produced by defendants in other litigation. Defendants move for an order striking these disclosures as untimely, arguing that initial disclosures were to have been completed no later than December 1, 2004. They also contend that the documents are irrelevant because they were not produced from plaintiff's claim file, but from the files of plaintiff's counsel. Plaintiff contends that these documents were produced in response to defendants' March 28, 2005 document requests which specifically called for documents in the possession of her agents or representatives.

Defendants' motion to strike is DENIED. There is some question as to whether plaintiff identified these documents to defendants as being responsive to their document requests. Moreover, it is not clear when plaintiff determined that these documents might be used at trial. Nevertheless, it is not apparent that plaintiff produced these supplemental disclosures in an attempt to preclude defendants from investigating the documents in discovery; and parties are obliged to supplement their disclosures at appropriate intervals if they learn that their previous disclosures are materially incomplete or incorrect. *See* FED.R.CIV.P. 26(e)(1). Additionally, at the hearing, defense counsel acknowledged that it would be unusual to strike a party's initial disclosures, and further indicated that defendants' core concern is plaintiff's attempt to now have all of these documents authenticated through 799 requests for admission. As discussed below, this court concludes that plaintiff's requests for admission are proper.

**B.   Defendants' "Motion for Protective Order re Plaintiff's 6,392 Requests for Admissions" and Plaintiff's "Motion for Order Deeming Matters Admitted"**

On June 1, 2005, plaintiff served identical sets of requests for admission on each defendant, seeking authentication of 799 documents as business records, i.e., that the documents are (1) "authentic"; (2) "record[s] of regularly conducted activity"; (3) "authorized" or (4) "made within the scope of employment." As noted above, these documents apparently were previously produced by

2

defendants in other litigation and were recently produced by plaintiff as part of her May 2005 Supplemental Initial Disclosures.

Defendants argue that each of the 799 requests contains four subparts for a total of 6,392 requests about documents that are irrelevant. They seek an order excusing them from responding to these requests on the ground that the requests (1) are not properly formatted, (2) seek to authenticate irrelevant documents and (3) are unduly burdensome, harassing and oppressive.

Plaintiff contends that (1) the requests are clear as to what admissions she seeks; (2) the requests legitimately seek to authenticate documents so as to save time at trial; (3) there is no undue burden because these documents were produced and authenticated by defendants in other litigation; and (4) defendants have refused to make any effort to conduct a reasonable inquiry in response to these requests. She has filed a motion for an order either deeming the subject matter of the requests admitted or compelling defendants to provide a proper response to all of the requests.

Defendants' objection as to the form of the requests for admission are OVERRULED. While the chart format of plaintiff's requests may be unconventional, there is no confusion that she seeks admissions that each listed document is (1) "authentic"; (2) a "record of regularly conducted activity"; (3) "authorized" or (4) "made within the scope of employment."

Defendants next contend that the documents are irrelevant (and therefore will be inadmissible at trial) because plaintiff will be unable to establish any nexus between the documents and defendants' alleged misconduct directed at her. Relying upon *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), defendants argue that the requisite nexus is lacking here because "the documents themselves have nothing at all to do with plaintiff's contract claim and were not used, consulted or relied upon by the claims personnel who handled plaintiff's claim and her appeal." (Motion for Protective Order, at 2:21-22). However, *State Farm* did not require that documents actually be relied upon or considered by claims handling personnel in order for a nexus to exist;[1] and at

---

[1] In *State Farm*, the U.S. Supreme Court held that a punitive damages award violated due process. The concern in that case was that the award was based upon evidence of defendant's dissimilar, out-of state acts where (1) the out-of-state acts were independent from the acts upon which the insurer's liability was based and (2) the insureds conceded that much of the out-of-state conduct was lawful where it occurred. *State Farm*, 538 U.S. at 420-22.

3

the hearing, defendants acknowledged that the nexus requirement is not as narrow as presented in their papers.

For her part, plaintiff contends that defendants have engaged in a conspiracy, whose commencement pre-dated her May 2001 claim, in which financial targets and goals, rather than the interests of insureds, were used as the basis for denying claims for benefits. She further asserts that defendants applied such practices in denying her claim, and has cited some authority suggesting that evidence of policies or practices that defendants may have applied in denying her claim can be admissible to support her claim for bad faith. *See Hangarter v. Provident Life And Accident Ins. Co.*, 373 F.3d 998, 1019-20 (9th Cir. 2004) (finding no abuse of discretion in admitting documents which were produced by defendants and properly authenticated, and which demonstrated that "Provident's claims handling practices were adopted by Paul Revere after Provident merged with Unum in 1999 to form UnumProvident").

Defendants nonetheless contend that it is unreasonable for them to even attempt to authenticate 799 documents, especially where plaintiff has not determined that she will, in fact, use all of them at trial. In their papers, they point out specific examples of documents which they claim are wholly irrelevant to plaintiff's contract claim or which they say are unidentifiable (e.g., documents which pre-date plaintiff's May 2001 claim, merger articles, an article entitled "You Really Should Listen to Your Claim Department" by Stephen Rutledge, and various allegedly unidentifiable spreadsheets). Plaintiff acknowledges that she may not use all 799 documents at trial, but maintains that all of the documents are potentially necessary to counter any evidentiary objections that defendants might raise.

This court agrees that 799 documents is a considerable number; and viewed in isolation, the pages cited by defendants do not appear to be particularly relevant. Nevertheless, this court is unable to conclude that it would be unreasonable to require defendants to confirm whether or not these documents are their business records (or whether after a reasonable inquiry, the information known or readily obtainable by defendants is insufficient to enable them to either admit or deny the matter). Nor is it persuaded that the proper resolution of this dispute is to excuse defendants from attempting to authenticate any of the documents or to arbitrarily limit the number of documents that plaintiff may seek to authenticate in preparation for trial.

4

First, the Federal Rules of Civil Procedure do not set a limit on the number of requests for admission that may be propounded by a party. *See* Fed.R.Civ.P. 36. Although defendants object that they are being asked to respond to 6,392 requests for admission, as noted above, plaintiff is simply seeking to authenticate documents – which defendants apparently have produced and authenticated in other litigation – as defendants' business records.

Second, there is no serious dispute that seeking authentication through requests for admission is the simplest way to clarify these issues now. Indeed, both parties agree that Fed.R.Civ.P. 30(b)(6) depositions will be time-consuming and unwieldy. Moreover, plaintiff correctly notes that defendants' admissions as to the authenticity of these documents in other litigation are not binding in the instant action. *See* FED.R.CIV.P. 36(b) ("Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.").

Third, this court is persuaded that clarifying these issues now will promote efficiency and save time at trial. Here, plaintiff's counsel asserts, by way of example, that in other similar litigation against these defendants, defendants have objected to the admission of portions of a claims manual as "incomplete." Conversely, she says that defendants have objected to the admission of a complete copy of a claims manual on the ground that portions of the manual are "irrelevant." As such, she has asked defendants to authenticate portions of claims manuals (which, in a vacuum, appear to concern only life insurance policies) in order to address defendants' anticipated "completeness" objection at trial. She also points out that the various corporate merger documents may be needed because defendants, in the past, have objected to the admission of "Unum" documents on the ground that they are not "UnumProvident" documents. Further, she notes that the Stephen Rutledge article has been used in at least one other action to counter a statistical defense raised by defendants at trial.

Defendants suggest that authentication of any documents should be deferred depending on what transpires at the pretrial conference or at trial. Plaintiff apparently is willing to forego using these documents (and to drop the related requests for admission) if defendants will stipulate that they will not make certain objections at trial or on motions in limine. Such an agreement appears unlikely, however,

5

and plaintiff argues that the better course is to attempt to clarify these authentication issues now, rather than on the eve of trial – or, worse, in the middle of testimony at trial. This court agrees.

Defendants indicated that if the number of requests is reduced, then they would be willing to try to authenticate the documents as part of their pretrial conference preparation. However, for the reasons stated above, this court does not believe that imposing an arbitrary limit on plaintiff's requests for admission is a sound solution. In any event, defendants acknowledged that pretrial conference statements are due on September 30, 2005, and that a preliminary pretrial and trial-setting conference is less than two months away.

## II. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' motion to strike plaintiff's supplemental initial disclosures is DENIED.

2. Defendants' motion for protective order is DENIED.

3. Plaintiff's motion for an order deeming matters admitted is GRANTED IN PART AND DENIED IN PART. Plaintiff's request to have matters deemed admitted is denied. However, plaintiff's request to compel defendants to respond to the requests for admission is granted. **No later than September 23, 2005**, defendants shall serve their responses to the requests for admission after reasonable investigation. A "reasonable investigation" may or may not require inquiry of defendants' counsel in other litigation. Nothing in this order should be construed as compelling defendants to rely upon the representations of other defense counsel in other litigation in responding to plaintiff's requests for admission.

4. Defendants' motion for sanctions is DENIED.

Dated: August 26, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:04-cv-1312 Notice will be electronically mailed to:

2  Robert Herbert Bohn Snr.     bbohn@bohnlaw.com, jodie@bohnlaw.com;info@bohnlaw.com

3  John T. Burnite     jtb@kelher.com

4  John C. Ferry     jferry@kelher.com

5  Richard Henry Friedman     rfriedman@frwlaw.us, jcrook@frwlaw.us

6  Michael G. Glanzberg     mgg@kelher.com

7  Thomas M. Herlihy     herlihy@kelher.com

8  Barbara L. Lyons     blyons@cpsmlaw.com

9  Jeffrey K. Rubin     jrubin@frwlaw.us, jcrook@frwlaw.us

10 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.