**\*E-FILED ON 9/28/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA MENDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>UNUM PROVIDENT CORPORATION and PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY,<br><br>    Defendant.<br>_____ / | No. C04-01312 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO ENFORCE STEPHEN PRATER'S COMPLIANCE WITH THIS COURT'S JULY 8, 2005 DISCOVERY ORDER**<br><br>**[Re: Docket No. 124]** |

In this action, plaintiff Cynthia Mendez alleges bad faith breach of an insurance contract. She has designated Stephen Prater as an expert to testify at trial on claims handling procedures. On July 8, 2005, this court issued an "Order Granting in Part and Denying in Part Defendants' Motion to Compel Stephen Prater's Production of Documents" ("July 8, 2005 Order").

Before this court is defendants' "Motion to Enforce Stephen Prater's Compliance With Discovery Order or Alternatively for Sanctions." They claim that Prater failed to comply with several aspects of the July 8, 2005 Order and seek to enforce his alleged obligations under the same. Alternatively, defendants request sanctions, including among other things, an order (a) striking Prater's declarations and supplemental disclosures, (b) precluding him from testifying in this action, or (c) finding him to be in contempt of court. Plaintiff opposed the motion on Prater's behalf. Upon consideration of the papers filed by the parties, as well as the arguments presented at the

1   September 27, 2005 hearing, this court issues the following order.

2       1.    The July 8, 2005 Order required Prater to:

3   (1) conduct a reasonable review of his available records; and (2) serve
a declaration providing his reasoned estimate of the following information
4   as to his work and income each year for the past five years:

5       (a)    the percentage of his time spent and gross income generated
from providing consulting or expert witness services for the
6           alleged insureds in claims against insurance companies;

7       (b)    the percentage of his time spent and gross income generated
from providing consulting or expert witness services for insurance
8           companies defending against claims of their alleged insureds; and

9       (c)    the percentage of his time spent and gross income generated from
providing consulting or expert witness services for the Friedman,
10          Rubin & White ["FRW"] law firm.

11  (July 8, 2005 Order, ¶ 9).

12      On July 18, 2005, Prater executed a declaration which did not specify the percentage of time

13  spent providing consulting or expert witness services for the FRW firm. However, he says that he

14  provided the percentage information to defendants in a supplemental declaration executed on August

15  26, 2005. Defendants argue that Prater's supplemental declaration is deficient because (a) the

16  percentage information provided is based upon a mathematical formula which is flawed; and (b) the

17  supplemental declaration is limited to matters in which Prater was "retained" by the FRW firm, and

18  does not include all matters where FRW did not retain him, but nonetheless served as co-counsel with

19  the retaining attorney.

20      The court agrees that Prater's mathematical formula is nonsensical. However, it is

21  unpersuaded that defendants need information as to matters where the FRW firm did not retain – and

22  presumably did not pay – Prater for his services. Accordingly, defendants' motion is GRANTED as

23  follows: Prater's August 26, 2005 supplemental declaration shall be stricken. **No later than**

24  **October 4, 2005**, Prater shall serve on defendants a supplemental declaration which (a) provides the

25  percentage of his time spent providing consulting or expert witness services for the FRW law firm (i.e.,

26  <u>not</u> using his previous mathematical formula) and (b) explains how those figures were calculated.

27  Prater shall attest to his estimates directly and not on "information and belief." Defendants' motion is

28  otherwise DENIED.

United States District Court
For the Northern District of California

2

2.  Defendants contend that Prater's July 18, 2005 financial declaration is deficient because he fails to explain (a) why he could not separate costs from gross income; (b) what he means by "other costs"; (c) why his pre-November 2000 records are unavailable; and (d) what the "unable to determine" category encompasses.

Defendants' motion is DENIED. In Prater's deposition,[1] defendants may probe the basis for and meaning of statements Prater made in his declaration. While his declaration appears to raise a number of questions, defendants have not shown that Prater failed to comply with or otherwise violated the July 8, 2005 Order.

3.  Prater signed his July 18, 2005 and August 26, 2005 financial declarations on "information and belief." Defendants argue that Prater should be able to attest to the information about his own finances based on his personal knowledge, rather than on "information and belief." This court agrees. Prater was ordered to provide his "reasoned estimates"; however, he has not demonstrated why he cannot directly attest that those figures are true and correct estimates. Accordingly, defendants' motion is GRANTED as follows: **No later than October 4, 2005**, Prater shall re-execute his July 18, 2005 declaration under penalty of perjury, and not on "information and belief." As noted above, Prater's August 26, 2005 supplemental declaration has been stricken, and the parties shall proceed as set out in Paragraph 1 above with respect to Prater's new supplemental declaration. Defendants' motion is otherwise DENIED.

4.  In his July 18, 2005 and August 26, 2005 financial declarations, Prater asserts his privacy interests in the information being provided and states that the information is being disclosed pursuant to court order with the expectation that defense counsel will not disclose the information to defendants, their in-house counsel, or any other person or party without his permission or a court order. Defendants move for an order striking all such statements from Prater's declarations and precluding Prater from making any such statements at trial.

Defendants' motion is DENIED. This is not a compliance issue, and defendants have not shown that Prater has violated or failed to comply with the July 8, 2005 Order. As for the parties'

---

[1] The parties indicate that Prater's deposition is currently scheduled to take place on September 28, 2005.

3

dispute over the confidentiality of the information, this court did not preclude defendants from seeing the subject information, and there is no motion for protective order before the court. In any event, at the hearing, plaintiff's counsel stated that there is no concern about defendants themselves having access to the subject information. Rather, he said that the only concern is that the information not be disseminated or used beyond this action. This issue is already addressed in the July 8, 2005 Order which provides that Prater's financial information "shall not be used or disseminated for any purpose not directly related to the prosecution or defense of this action." (July 8, 2005 Order at 7:6-7).

5.      In his financial declaration documents, Prater states that defendants should pay for the time he spent preparing his declarations. Defendants move for an order striking all such statements as inappropriate. In her opposition papers, plaintiff argued for an order requiring payment from defendants; however, at the hearing, plaintiff's counsel stated that they are not requesting any affirmative relief from this court on this issue. This is not a compliance issue, and defendants have not demonstrated that there was a violation of the July 8, 2005 Order or that sanctions are warranted. Accordingly, their motion is DENIED.

6.      Prater was ordered to provide defendants with a log "identifying (1) the documents that he wants or intends to discuss, 'refer to, or use as an exhibit, or aid at trial'; and (2) the bases for their non-production in this action." (July 8, 2005 Order at 4:18-19). Defendants argue that, contrary to statements in Prater's expert report indicating that he relied upon over 100,000 documents in forming his opinions, Prater's document log does not identify anywhere near 100,000 documents. They move for an order striking from his report all references to 100,000 documents and precluding Prater from expressing any such statements or sentiments at trial. Additionally, defendants assert that Prater's document log failed to identify the basis for the non-production of documents from the *Walker v. Provident Mutual Life Ins., et al.* litigation.

Defendants' motion is DENIED. This is not a compliance issue, and defendants have failed to demonstrate that sanctions are warranted. Plaintiff's counsel represents that the alleged deficiency as to the *Walker* documents has been corrected through the production of a copy of the protective order entered in that action. To the extent defendants seek to preclude or limit Prater's testimony at trial, such relief is more appropriately sought through a motion in limine.

4

7. Prater was ordered to produce (a) "all reasonably identifiable documents (e.g., claims manuals, statutes, rules, regulations, court opinions, etc.) that he considered in preparing his 'tutorial opinion,' as well as any documents which he intends to rely upon or use at trial" (July 8, 2005 Order at 8:3-5); and (b) "any documents [he] relied upon or considered in preparing his *Norcia* report as to the referenced industry standards." (*Id*. at 8:17-19). The intent of that order was to have Prater reveal to defendants all documents that he considered, relied upon or intends to use at trial.

Defendants argue that Prater has failed to comply with this court's order because (a) his supplemental disclosure fails to provide sufficient detail or equivocates as to the documents he relied upon, considered, or intends to use at trial; and (b) he explained what he meant by the term "composite knowledge" in his expert report.

In his supplemental disclosure, Prater broadly describes the documents he considered, relied upon or intends to use at trial. For example, he states that "[a]mong defendants own documents, I have reviewed, considered and relied on . . .," "[a]mong the pages that apply . . . .," and "[o]ther UnumProvident documents such as its 'Monthly Results Update' . . .." (Burnite Decl., Ex. B). Nevertheless, Prater identifies a number of sources which he says he considered, relied upon or intends to use at trial, and the court is unpersuaded that he has failed to comply with or violated the July 8, 2005 Order. Accordingly, defendants' motion is DENIED. However, to the extent Prater later attempts to use, rely upon or otherwise discuss documents which he has not appropriately disclosed to defendants in this litigation, defendants may seek an appropriate remedy at trial.

8. The July 8, 2005 Order directed Prater to produce "all identifiable documents that he considered or relied upon in forming his opinions in this matter, any documents which he intends to rely upon or use at trial, and any notes re the multistate examination report which he generated in the course of preparing his report." (July 8, 2005 Order at 9:1-4). Defendants argue that Prater's supplemental disclosure fails to comply with the order because Prater states that the documents he will be asked about at trial will ultimately be the decision of trial counsel. Plaintiff's counsel represents that Prater only meant to indicate that at trial, plaintiff's counsel might not ask him about all of the documents he has identified.

5

**United States District Court**
For the Northern District of California

1  This court is unpersuaded that Prater has violated or failed to comply with the July 8, 2005
2  Order. Accordingly, defendants' motion is DENIED.
3  IT IS SO ORDERED.
4  Dated: September 28, 2005

          /s/ Howard R. Lloyd
          HOWARD R. LLOYD
          UNITED STATES MAGISTRATE JUDGE

5:04-cv-1312 Notice will be electronically mailed to:

Robert Herbert Bohn Snr.    jodie@bohnlaw.com, info@bohnlaw.com

John T. Burnite    jtb@kelher.com

John C. Ferry    jferry@kelher.com

Richard Henry Friedman    rfriedman@frwlaw.us, jcrook@frwlaw.us

Michael G. Glanzberg    mgg@kelher.com

Thomas M. Herlihy    herlihy@kelher.com

Barbara L. Lyons    blyons@cpsmlaw.com

Jeffrey K. Rubin    jrubin@frwlaw.us, jcrook@frwlaw.us

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.