IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA MENDEZ, | NO. C 04-01312 JW |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE: DEFENDANTS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| UNUM PROVIDENT CORPORATION; PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, | |
| Defendants. | |

This is a diversity action in which Plaintiff, Cynthia Mendez, alleges bad faith breach of a disability insurance contract. Plaintiff has designated Stephen Prater as her only expert to testify at trial on claims handling procedures in the insurance industry.

On August 22, 2005, Unum Provident and Provident Life, Defendants, moved to enforce Mr. Prater's compliance with Magistrate Judge Lloyd's Discovery Order dated July 8, 2005. (Motion to Enforce Judgment, Docket Item No. 124.) On July 18, 2005, Mr. Prater executed a declaration which did not specify the percentage of time spent providing consulting or expert witness services for Plaintiff's law firm. However, Magistrate Judge Lloyd found this declaration and Mr. Prater August 26, 2005 supplemental declaration to be "nonsensical" and ordered the latter to be stricken.

**United States District Court**
For the Northern District of California

1   On September 28, 2005, Magistrate Judge Lloyd ordered Mr. Prater to provide Defendants with a
2   supplemental declaration, **no later than October 4, 2005**, which (a) provides the percentage of his time
3   spent providing consulting or expert witness services for the law firm representing Plaintiff in this lawsuit and
4   (b) explains how those figures were calculated. Magistrate Judge Lloyd also found it appropriate to order
5   Mr. Prater to "attest to his estimates directly and no on 'information and belief.'" (See Docket Item No.
6   150 at 2.) To date, Mr. Prater has yet to provide Defendants with the supplemental declaration. As the
7   result, as part of Defendants' Motion for Summary Judgment scheduled for a hearing on October 17, 2005
8   with this Court, Defendants object to Plaintiff's proffer of evidence which includes Mr.Prater non-
9   substantive declaration reports.

10   Expert witness designations are governed by Rule 26(a)(B)(2) of the Federal Rules of Civil
11   Procedure. Expert witness designations must be accompanied by written reports prepared and signed by
12   the expert. Id. The report must contain 1) the expert's opinions and basis for those opinions, 2) the data
13   and information considered by the expert in arriving at these opinions, 3) the exhibits used to support
14   opinions, and 4) a description of the qualifications of the expert, a list of publications of the expert, the
15   compensation to be paid to the expert, and a list of prior testimony. Fed. R. Civ. P. 26(a)(B)(2). These
16   requirements are designed to ensure that the expert has appropriate credentials and qualifications as well as
17   to measure potential biases. Generally, a party's remedy for an inadequate expert report is to seek an
18   order compelling adequate discovery. In this case, Defendants have sought twice to compel Mr. Prater to
19   produce more complete reports and declarations with little success.

20   Exclusion of expert report or testimony is appropriate only when the failure to provide an adequate
21   expert report is in violation of an order compelling discovery. See Rutter Group, Cal. Prac. Guide, Fed.
22   Civ. P. Before Trial, §§ 11:209.5-.9, 11:918-919 (2005). It is clear to this Court that Mr. Prater has
23   failed to comply with the orders compelling discovery. However, as he is the only expert witness proffered
24   by Plaintiff, and has provided some information, this Court will give Mr. Prater the benefit of the doubt.

25   Accordingly, on or before **October 12, 2005**, Mr. Prater shall comply with Magistrate Judge
26   Lloyd's Discovery Order of September 18, 2005 by filing the appropriate declarations as specified in the
27

2

order. If there are no filing by the specified date, all parties shall appear in Courtroom No. 8, 4th Floor, United States District Court, 280 South First Street, San Jose, Ca. on **October 17, 2005 at 9:00 a.m.** and to show cause, if any, why the Defendants' objections to Plaintiff's evidence should not be sustained.

In light of this Order, the presently scheduled hearing on Defendants' Motion for Summary Judgment is vacated. The new hearing date is set for **October 24, 2005 at 9 a.m.**

Dated: October 7, 2005                             /s/ James Ware
                                                   JAMES WARE
                                                   United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Barbara L. Lyons blyons@cpsmlaw.com
Jeffrey K. Rubin jrubin@frwlaw.us
John C. Ferry jferry@kelher.com
John T. Burnite jtb@kelher.com
Kenneth R. Friedman kfriedman@frwlaw.us
Michael G. Glanzberg mgg@kelher.com
Richard Henry Friedman rfriedman@frwlaw.us
Robert Herbert Bohn Snr. Bbohn@bohnlaw.com
Thomas M. Herlihy herlihy@kelher.com

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Marjorie E. Motooka
Prestholt & Fidone LLP
39 E. Union Street, Second Floor
Pasadena, CA 91103

**Dated: October 7, 2005**                              **Richard W. Wieking, Clerk**

                                                        **/s/ JW Chambers**
                                                        **Ronald L. Davis**