*E-FILED ON 1/23/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA MENDEZ, | No. C04-01312 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| UNUM PROVIDENT CORPORATION and PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, | **[Re: Docket No. 179]** |
| Defendant. | |

On January 17, 2006, this court heard the motion for protective order filed by plaintiff Cynthia Mendez. Defendants opposed the motion. Plaintiff did not file a reply. Upon consideration of the papers filed by the parties, as well as the arguments of counsel, the court grants the motion in part and denies the motion in part.

In this action, plaintiff alleges bad faith breach of an insurance contract. She has designated Stephen Prater as an expert to testify at trial on claims handling procedures. On July 8, 2005, this court issued an "Order Granting in Part and Denying in Part Defendants' Motion to Compel Stephen Prater's Production of Documents" ("July 8, 2005 Order"). In that order, Prater was directed to, among other things, conduct a reasonable review of his available records and serve a declaration providing (for each year of the past five years) his reasoned estimate of the percentage of his time spent and gross income generated from providing consulting or

expert witness services for alleged insureds, insurance companies and plaintiff's counsel, the Friedman, Rubin & White ("FRW") law firm. (July 8, 2005 Order, ¶ 9). That Order also provided that the financial information "shall not be used or disseminated for any purpose not directly related to the prosecution or defense of this action." (*Id.*)

Pursuant to Fed.R.Civ.P. 26(c), plaintiff moves for a protective order as to Prater's court-ordered financial disclosures. At the hearing, plaintiff's counsel stated that the instant motion presents, in essence, a dispute over whether defendants should be required to file Prater's financial disclosures under seal – i.e., to prevent the information from being disseminated to the public at large. However, her proposed order expressly <u>excludes</u> the potential use of information at trial.

Upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes courts to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery. *See* FED. R. CIV. P. 26(c). The party seeking a protective order has the burden of showing that the protection is warranted.

As a threshold matter, the court is unpersuaded by defendants' arguments that plaintiff's motion should be denied because (1) plaintiff does not have standing to seek protection for information disclosed by Prater; and (2) Prater did not seek a protective order before he produced the information. The instant motion will be deemed a motion brought on Prater's behalf. Moreover, the court is disinclined to rule here that plaintiff is precluded from seeking other or further protection than that provided in the July 8, 2005 Order if she believes that such protection is warranted.

Even so, the fact that plaintiff is only moving now for a protective order casts doubt on her assertion that protection is critical, and she has made a slim showing of any need for sealing such information. Discovery has closed, and this matter is currently set for a preliminary pretrial conference before the District Court on February 13, 2006. Moreover, so far as this court is aware, Prater's financial declarations have been publicly filed only in redacted form. Further, defendants have pointed out that Prater has, in other lawsuits, already publicly disclosed that his consulting income was approximately $400,000/year in 1999 and

$500,000/year in 2001. Plaintiff has failed to provide any explanation as to why information about how that income breaks down (e.g., as between alleged insureds, insurance companies and plaintiff's counsel, the FRW law firm) should be sealed.

Nevertheless, recognizing that personal salary information is protected by privacy interests, the court will GRANT IN PART AND DENY IN PART plaintiff's motion as follows:

1. To the extent defendants include in any future pretrial filing the dollar amounts of Prater's financial disclosures, those dollar amounts shall be filed under seal (with appropriately redacted documents to be publicly filed). However, none of Prater's financial disclosures for the year 2001 shall be subject to sealing. As discussed above, Prater has already publicly disclosed his income for 2001, and plaintiff has not demonstrated that sealing is warranted.

2. In any event, the disclosed time and income percentages for any year shall not be subject to sealing.

3. This order notwithstanding, the potential use of such information at trial shall be left to the sound discretion of the District Court.

IT IS SO ORDERED.

Dated:  January 23, 2006

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**5:04-cv-1312 Notice will be electronically mailed to:**

Robert Herbert Bohn Snr. bbohn@bohnlaw.com, jodie@bohnlaw.com; info@bohnlaw.com

John T. Burnite jtb@kelher.com

John C. Ferry jferry@kelher.com

Kenneth R. Friedman kfriedman@frwlaw.us

Richard Henry Friedman rfriedman@frwlaw.us, jcrook@frwlaw.us

Michael G. Glanzberg mgg@kelher.com

Thomas M. Herlihy herlihy@kelher.com

Barbara L. Lyons blyons@cpsmlaw.com

Jeffrey K. Rubin jrubin@frwlaw.us, jcrook@frwlaw.us

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4