*E-FILED ON 2/16/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA MENDEZ, | No. C04-01312 JW (HRL) |
| Plaintiff, | **ORDER RE DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| UNUM PROVIDENT CORPORATION and PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, | |
| Defendant. | |

On January 20, 2006, this court issued an order granting in part and denying in part defendants' second motion for sanctions. Among other things, defendants argued that the financial disclosures of plaintiff's expert, Stephen Prater, were misleading in that he attributed time and income to insurance companies when he was actually retained by alleged insureds (and vice versa). This court agreed and concluded that monetary sanctions were warranted. The January 20, 2006 Order invited defendants to submit detailed declarations:

> (1) itemizing with particularity the otherwise unnecessary expenses (including attorney fees) ***incurred in connection with the instant motion*** which were directly caused by Prater's mischaracterization of the source of some of his income in his court-ordered financial disclosures; and (2) setting forth an appropriate justification for any attorney-fee hourly rate claimed.

(January 20, 2006 Order, Docket No. 191) (emphasis added).

Presently before this court are defendants' declarations and supporting papers as to their request for payment of their attorneys' fees and costs. Having considered the supplemental moving and opposing papers, the court issues the following order.

Defendants' request for an award of $9,967.28[1] is overstated. Defendants' request is DENIED as to $4,193.50 in fees or costs incurred in:

- reviewing Prater's financial disclosures in July 2005;
- preparing meet-and-confer correspondence in July 2005 as to the sufficiency of Prater's financial disclosures;
- preparing defendants' **first** motion for sanctions (as to which defendants' request for fees and costs was <u>denied</u>); and
- attending Prater's November 22, 2005 deposition during which defendants learned of the failures which were the subject of their second motion for sanctions.

(*See* Burnite Decl., Ex. A). The January 20, 2006 Order was limited to fees and costs incurred in connection with defendants' **second** motion for sanctions – and even then, only as to one of three claimed failures which were raised in that motion. (*See* January 20, 2006 Order). Moreover, the order specified that the purpose of the award would be compensate defendants for otherwise unnecessary fees or costs which were caused by that failure. (*Id*.) As noted above, this court previously ruled on defendants' first motion for sanctions and denied defendants' request for payment of fees and costs incurred in bringing that motion. (*See* September 28, 2005 Order, Docket No. 150). Moreover, fees incurred in July 2005 for reviewing Prater's financial disclosures and preparing meet-and-confer correspondence as to the same are not fees which were caused by the failure which was the subject of the award in this court's January 20, 2006 Order. Additionally, defendants indicated that the District Court permitted them to depose Prater for an additional day on November 22, 2005 because his deposition was not completed on September 28, 2005. As such, fees incurred in taking Prater's

---

[1] Defendants initially requested a total of $9,352.28; however, in their reply papers, defendants state that they incurred an additional $615.00 in fees for preparing their reply.

2

1  deposition were not caused by the failure which was the subject of the award in the January 20,
2  2006 Order, notwithstanding that defendants discovered the mischaracterization of income
3  during that deposition session.

4  Moreover, the court is not inclined to award defendants the entire $3608.50 requested
5  for preparation of the second motion for sanctions nor the entire $1,144.00 requested for
6  defense counsel's preparation for and attendance at the January 17, 2006 motion hearing. The
7  court finds that only approximately one-third of that effort was devoted to the failure which was
8  the subject of the award in this court's January 20, 2006 Order. Because this court also heard
9  Prater's separate motion for protective order on the same day, defendants were spared the
10 expense of attending two separate motion hearings. Accordingly, they will only be awarded
11 one-half of $58.28 claimed for mileage and parking costs.

12 Finally, defendants will only be awarded one-half of their requested $348.50 for fees
13 incurred in preparing their initial declarations in support of this fees and costs award, and their
14 request for an additional $615.00 for fees incurred in preparing their reply brief is DENIED.
15 Much of defendants' efforts appear to have been devoted to their attempt to justify an award for
16 fees and costs which were outside the scope of the January 20, 2006 Order.

17 Based on the foregoing, IT IS ORDERED THAT Prater shall pay to defendants their
18 reasonable fees and costs in the amount of **$1,787.55**[2] on or before **February 27, 2006**. *See*
19 *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1995) ("[A] court may impose
20 attorney's fees against a non-party as an exercise of the court's inherent authority to impose

---

[2] Defendants did not submit evidence supporting their counsel's assertions as to the reasonableness of their hourly rates. Moreover, while defense counsel's description of his activities indicate that the claimed fees were incurred in preparing the second motion for sanctions as to "Prater's mischaracterization of sources of income related to court-ordered financial disclosures," other entries indicate that defendants are claiming their fees incurred as to the motion as a whole. (*See* Burnite Decl., Ex. A). Nonetheless, any doubts this court may have as to the sufficiency of defendants' showing as to the reasonableness of counsel's hourly rates, or as to the efficiency of the time spent on the identified issues, are eliminated by the award of a fraction of defendants' requested fees and costs.

3

sanctions to curb abusive litigation tactics").

Dated: February 16, 2006



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

4

1 **5:04-cv-1312 Notice will be electronically mailed to**:

2 Robert Herbert Bohn Snr. bbohn@bohnlaw.com, jodie@bohnlaw.com; info@bohnlaw.com

3 John T. Burnite jtb@kelher.com

4 John C. Ferry jferry@kelher.com

5 Kenneth R. Friedman kfriedman@frwlaw.us

6 Richard Henry Friedman rfriedman@frwlaw.us, jcrook@frwlaw.us

7 Michael G. Glanzberg mgg@kelher.com

8 Thomas M. Herlihy herlihy@kelher.com

9 Barbara L. Lyons blyons@cpsmlaw.com

10 Jeffrey K. Rubin jrubin@frwlaw.us, jcrook@frwlaw.us

11 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California

5